IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MOTIONWARE ENTERPRISES, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | 1:22-CV-1225-RP |
| THE INDIVIDUALS, BUSINESS ENTITIES, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON EXHIBIT 1, | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff Motionware Enterprises, Inc.'s ("Plaintiff") Motion for Attorney's Fees, (Dkt. 61), and Plaintiff's Corrected Motion for Attorney's Fees, (Dkt. 64).[1] Having reviewed the motion, relevant law, and the record, the Court finds that the motions should be granted in part.

Plaintiff brought suit against the 431 Defendants listed in Exhibit 1 to the Complaint, seeking relief against Defendants for copyright infringement. On April 18, 2023, Plaintiff moved for default judgment and a permanent injunction against the 239 Defaulting Defendants that remained in the case. (Mot. Default J., Dkt. 49). On September 13, 2023, United States Magistrate Judge Dustin Howell issued his report and recommendation on the motion. (R. & R., Dkt. 57). On October 23, 2023, this Court issued an order adopting the report and recommendation. (Order, Dkt. 59). The Court granted Plaintiff's motion for default judgment and found that Plaintiff was entitled to statutory damages in in the amount of $5,000 for each infringed work against each Defaulting

---

[1] Plaintiff's Corrected Motion for Attorney's Fees, (Dkt. 64), was filed primarily for the purpose of providing the Court with an updated proposed final judgment pursuant to the Court's order on December 21, 2023, (Order, Dkt. 62). Plaintiff's request for attorney's fees is more fully presented in its original motion for attorney's fees, (Dkt. 61). Therefore, all citations to Plaintiff's motion for attorney's fees will reference the motion at docket entry 61.

1

Defendant, reasonable costs and attorney's fees and court costs, and a permanent injunction. (*Id.* at 2). On October 25, 2023, Plaintiff filed the present motion, in which it details the specific amount of attorney's fees it is requesting. (Mot. Att'y Fees, Dkt. 61). None of the Defaulting Defendants have appeared in this action, nor have they filed a response to this motion.

In copyright actions, "the court in its discretion may allow the recovery of full costs by or against a party . . . the court may also award reasonable attorneys' fee to pay the prevailing party as part of the costs." 17 U.S.C. § 505. The factors considered when deciding to award attorney's fees include the "frivolousness, motivation, objective unreasonableness (both in factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 (1994). Fee awards in copyright infringement cases are the rule rather than the exception and should be awarded routinely. *See Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 726 (5th Cir. 2008); *Canopy Music Inc. v. Harbor Cities Broad., Inc.*, 950 F. Supp. 913, 917-18 (E.D. Wis. 1997) (awarding attorney's fees award on a motion for default judgment).

Courts in the Fifth Circuit use the "lodestar method" to calculate an appropriate fee award. *Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 (5th Cir. 2020). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, namely, the market rate in the community for the work. *Id.* "[T]here is a 'strong presumption' that the lodestar figure is reasonable." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). After calculating the lodestar amount, a court may enhance or decrease the amount of fees based on the factors set forth in *Johnson v. Ga. Highway Exp., Inc.* 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[2] The party seeking fees has the burden to show the

---

[2] The *Johnson* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant

reasonableness of the hours billed and the exercise of reasonable billing judgment. *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 769 (5th Cir. 1996).

In the present motion, Plaintiff asks the Court to award $53,315.50 in attorney's fees. (Mot. Att'y Fees, Dkt. 61). In his report and recommendation, which was adopted by this Court, (Order, Dkt. 59), Judge Howell found that an award of reasonable costs and attorney's fees is appropriate in this case because of the "willful nature of the Defendants' infringement and their failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees." (R. & R., Dkt. 57, at 13–14). Therefore, the only remaining issue is whether the amount of fees that Plaintiff requests is reasonable.

Plaintiff's attorney, James H. Creedon, submitted an affidavit and a copy of invoices for this case, which provide a detailed description of hours and work performed. (Creedon Decl., Dkt. 61-1). Creedon attests that Plaintiff agreed to compensate Creedon PLLC for their work at an hourly rate of $465–$600 for Principals and Of Counsel, $250–$500 for Associates, and $175 for Paralegals. (*Id.* at 1). The invoices show that three attorneys worked on this case and that their hourly rates ranged from $325–$500. (*Id.* at 3–12). The Court finds that the range of $325–$500 per hour is "in line with prevailing rates for copyright infringement practitioners of reasonably comparable skill, experience, and reputation in the Austin community." *See APL Microscopic, LLC v. Greene Techs., LLC*, No. 19-CV-1044-RP, 2023 WL 6135689, at *2 (W.D. Tex. Sept. 19, 2023) (finding a rate of $450/hour reasonable for copyright litigation in Austin).

The Court next reviews the number of hours expended. The Court must exclude excessive, unnecessary, and redundant hours. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir.

---

community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19.

2006). The affidavit and invoices demonstrate that 115.7 hours of work were completed in this case. This case has involved work on a preliminary injunction in which Plaintiff succeeded, a brief on personal jurisdiction, and varied settlement discussions with many defendants, among other work. The Court finds that the time records submitted by counsel are sufficiently detailed and the work done in this case is reasonable. Therefore, the lodestar amount is $53,315.50 after considering the varied hourly rates employed and the number of hours worked. After considering the *Johnson* factors, the Court does not find cause to adjust the lodestar total.

Last, Plaintiff asks the Court to hold Defaulting Defendants jointly and severally liable for its attorney's fees. (Mot. Att'y Fees, Dkt. 61, at 2). A Court may find joint and several liability appropriate when a "there was a 'single indivisible injury,' and each party played a substantial role in the litigation." *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 773 (5th Cir. 1996). The Court does not find that Plaintiff has shown a "single indivisible injury"; instead, the statutory damage calculation shows each Defaulting Defendant's contribution to the harm suffered by Plaintiff, and there is no showing that the Defaulting Defendants "acted in concert to produce a single, indivisible injury." *Harper v. Albert*, 400 F.3d 1052, 1061–62 (7th Cir. 2005) (citation omitted).

For these reasons, **IT IS ORDERED** that Plaintiff's motions for attorney's fees, (Dkts. 61, 63), are **GRANTED IN PART**. The Court finds that Plaintiff is entitled to $53,315.50 in reasonable attorney's fees, but the Court does not find that the Defendants are jointly and severally liable for the attorney's fees. The Court will enter final judgment by separate order.

**SIGNED** on February 1, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE